IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
VIRGINIA ALEXANDRIA DIVISION

FILED

2014 FEB -5 P 12: 08

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**William Selepack,** *pro se*
22951 Oak Grove Rd
Sterling, VA 20166
202.277.6879
        *Plaintiff*

v.                                              Civil Action No. 1:14-CV-00117

**Loudoun County Animal Control**
c/o Tom Koenig, Director
39620 Charles Town Pike
Waterford, VA 20197
703.777.0406

**Loudoun County Government**
c/o Tim Hemstreet, County Administrator
1 Harrison St. SE
Leesburg, VA 20175
703.777.0200
        *Defendants*

## VERIFIED COMPLAINT

NOW COMES Plaintiff William Selepack, *pro se* and for his Complaint against Loudoun County Animal Control (LCAC) and Loudoun County Government ("Defendants") that they knowingly and willfully discriminated against the disabled plaintiff and his service animal, by not meeting revised 2010 Americans with Disabilities Act regulations, with an Effective Date of March 15, 2011, therefore, the *Defendants*, ignored, didn't believe or just didn't care about Plaintiffs claims of being disabled and his service animal, thus denying his civil rights by holding him accountable to the standards of a "Non-Disabled Person", giving

Plaintiff a criminal record and limiting Plaintiffs enjoyment of any right, privilege, advantage or opportunity enjoyed by others, and hereby states as follows:

## JURISDICTION

1. Plaintiff brings this action under the Americans with Disabilities Act 42 U.S.C. §12101, *et seq.* (ADA"), Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. §794 (the "Rehabilitation Act") and the 2010 revised ADA regulations implementation of Title II and Title III which prohibit discrimination of public entices and state and local governments. CRF, published September 15, 2010.

2. 28 U.S.C § 1331, which gives the district courts original jurisdiction over civil actions arising under the Constitution states in Article VI that the Constitution and the laws of the United States and treaties made under authority of the United States shall be the supreme law of the land. Thus, state laws that conflict with federal laws are invalid.

3. 28 U.S.C §1343 (1), (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government and 28 U.S.C §1367, which gives the district court supplemental jurisdiction over state law claims.

4. Virginia code § 1-248, Supremacy of federal and state law which states: the Constitution and laws of the United States and of the Commonwealth shall be supreme. Any ordinance, resolution, bylaw, rule, regulation, or order of any governing body or any corporation, board, or number of persons shall not be inconsistent with the Constitution and laws of the United States or of the Commonwealth.

5. Venue is appropriate in this judicial district under 28 U.S.C §1391(b).

   a.

## PARTIES

6. Plaintiff is a citizen of the United States and resides in the County of Loudoun, Commonwealth of Virginia which is in this judicial district.

7. Defendant Tom Koenig is the Director of the Loudoun County Animal Control (LCAC) an agency of Loudoun County Government, as such; it is his duty to insure that the county's Animal Control Laws are in compliance with ADA Federal Mandates, as well as state and local law and insuring that his Officers/Staff should be well versed in all three.

8. Defendant Tim Hemstreet, County Administrator, which is the highest level management Office of the Loudoun County Government. The county administrator directs and supervises the day-to-day operations of all county departments and agencies, which are under the direct control of the Board of Supervisors pursuant to county ordinances and regulations. Additionally, the county administrator serves as the Board of Supervisors' official liaison to the constitutional officers, the judiciary, and state and regional agencies

9. The Defendants are a public entity for the purposes of the ADA pursuant to 42 U.S.C. §12131(1), and are located in the County of Loudoun, The Commonwealth of Virginia.

## STATEMENT OF CLAIM

10. Plaintiff was deemed permanently disabled with both physical and mental disabilities by the US Social Security Administration in July 2007 *(see exhibit 1)*.

11. According to 42 U.S. Code § 12102 States the term "disability" means, with respect to an individual that has (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; and (B) a record of such an impairment; or (C) being regarded as having such an impairment *(see exhibits 2, 3 and 4 pages 1 & 3)*.

12. Plaintiff's physical and mental impairments that substantially limit major life activities are *caring for oneself, performing manual tasks, walking, standing, lifting, bending, speaking, breathing, concentrating, thinking and working and Major bodily functions such as the immune system, digestive, bowel, neurological, respiratory, circulatory and reproductive functions*

13. Plaintiff's mental and physical disabilities require a service dog "Max", which meets the requirements under the revised 2010 ADA regulations *(see exhibits 4 pages 1 & 3, 5 and 6A))* and due to those disabilities, Plaintiff is unable to walk him on a leash *(see exhibit 5 page 2 and 6B 1)*.

14. Plaintiff avoids crowds due to his disabilities, however, if Plaintiff has to encounter busy sidewalks, metro, buses, festivals and Church, Plaintiff risks his health, personal safety and doctor]s orders by walking Max on a short leash which can be dropped rather quickly if need be, or in a pet carrier if riding metro or buses.

15. The Department of Justice published revised final regulations implementing the Americans with Disabilities Act (ADA) as amended for title II (state and local government services) and title III (public accommodations and commercial facilities) on September 15, 2010, CFR. These requirements, or rules, clarify and refine issues that have arisen over the past 20 years and contain new and updated, requirements including the 2010 Standards for Accessible design and has *substantially modified the definition and characteristics of Service Animals which became effective March 15, 2011 (see exhibits 5 and 7)*.

16. Plaintiff's residence is not located on a major highway, in fact, the road ends, therefore, only residents use the road, and it is surrounded by woods/forest, warehouses and the W&OD bike trial.

17. Plaintiff tells neighbors, business owners, property owners of the large tracks of land with woods and even the church about his disabilities and that "Max" was his service animal, and would get their permission to be on their property and if they had a problem, Plaintiff would honor their request and avoid the area in question.

18. LCAC would approach Plaintiff and state *"Loudoun County requires all dogs must be on a leash, no exceptions"*, Plaintiff would tell them that he was disabled and that "Max" was his service animal, LCAC would state that you're breaking the law.

4

19. LCAC wouldn't ask the required questions *(see exhibit 5 page 2)* when it is not obvious what service an animal provides, (1) is the dog a service animal required because of a disability, and (2) what work or task has the dog been trained to perform, they would simple write a citation for dog at large or public nuisance which have major consequences *(see exhibit 8)* thus making the Plaintiff a criminal by holding his accountable as non-disabled person.

20. Plaintiff inquired with the US Justice Departments ADA's information line and questioned LCAC citations, I was advised that according to the 2010 ADA revisions, I was within my rights to walk my service animal off leash and that both the Defendants and The Commonwealth are in violation of both the compliance date and the effective date what was put out 2.9 years ago.

21. Plaintiff put together the revised ADA 2010 regulations, plus medical documentation and his Social Security Disability Benefits, but LCAC refused them every time they were offered to them, even in front of witnesses *(see exhibit 9 A & B)* and would only state that "All animals in Loudon County must be on a leash, no exceptions.

22. Thus Plaintiff can state that because of their actions, they didn't believe that the Plaintiff was disabled, ( all of my disabilities are internal, bones, nerves, heart, etc. and Plaintiff worked out and took care of his body when he was younger, thus, Plaintiff doesn't show a lot of them externally), which is the true definition of discrimination against a disabled person.

23. 42 U.S.C. §§ 12131-12150 ("ADA"). Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability.

24. LCAC animal codes, *exhibit 10* does not mention anything about service animals and The Commonwealth of Virginia Code for service animals, *exhibit 11*, only mention service animals about the blind and the deaf.

25. Virginia Code § 51.5-44. Rights of persons with disabilities in public places and places of public accommodation (A):  which states a person with a disability has the same rights as

other persons to the full and free use of the streets, highways, sidewalks, walkways, Public buildings, public facilities, and other public places.

26. However, Fairfax County Animal Control, which boarders Loudoun County, did implement the revised and final regulations regarding Service Animals as amended by the ADA, which are almost verbatim to the revised regulation *(see exhibit 12)*.

27. However, if Plaintiff walks out the front door of his residence and has Max off leash, because of his disabilities, the Plaintiff will and has received citations from LCAC for "dog at large" and "public nuisance", but if Plaintiff were to go an eighth of a mile into Fairfax County, Plaintiff would receive no citations.

28. When Plaintiff started pointing this out to LCAC, they stopped bring the citations to Plaintiff's residence, and sent Loudoun County Sheriff's Office to deliver the citations

29. LCAC wouldn't deliver the citations anymore, however, one LCAC person, would go by Plaintiff's residence and if they saw Plaintiff outside, would stop and verbally harass Plaintiff about "why I won't you walk Max on a leash" or ask Plaintiff "if he like breaking the law". This officer would show up several times a year, with the last time in August of 2013 *(see exhibit 9 b)*.

30. Plaintiff has contacted the following, Tom Koenig, Director of LCAC, the Board of Supervisors of Loudoun County, and even the Loudoun County ADA Coordinator, Plaintiff was told that was the law, or received no response from them.

31. The US Department of Justice, Civil Rights Division, Disability Rights Section stated that numerous notices were sent out to all state and local governments, agencies, territories and the District of Columbia notifying them of the of the revised amendments to the ADA, giving them both the Compliance Date and the effective dates in order to make the appropriate modifications to their existing laws and be compliant with the ADA Federal Regulations.

32. The Defendants knowingly and willfully not implementing the significant changes made to Service Animal Requirements by the ADA revisions, they continued to write "Invalid" citations and not to mention the ripple effect that they caused:

   a) Monies collected from them, thus costing disabled persons with service animals undue monies spent fighting these "Invalid" citations
   b) Wasting valuable time and money of the Loudoun County Sheriff's Office serving those "Invalid" citations
   c) LCAC are sworn officers of the court to uphold the law and knew they were in violation and when Plaintiff told them of his disabilities years ago, that put them on notice and again chose to ignore them, therefore committing perjury and
   d) Wasting valuable time to the already hectic schedules of the court dockets.

33. That the Defendants engaged two neighbors, to follow, take pictures of Plaintiff and harass and make claims against Plaintiff and his service animal Max to LCAC that lead to the seizer of his service animal Max.

34. Defendants' actions against the Plaintiff were intentional and preformed with callous, deliberate and reckless disregard for Plaintiffs' disabilities and his civil rights.

35. As a result of the all the above reasons, the Defendants, made Plaintiff a criminal and thus lead to the confiscation of Plaintiff's service animal on October 1, 2013 *(see exhibit 9D)* and possible destruction or adoption on Max.

36. Plaintiff could not enter documents, i.e. Social Security, Doctors and Medicaid Statements, Federal Regulations (printed from the internet) or even Plaintiff's own testimony (Plaintiff could say he had this or that operation or condition) however when Plaintiff would state what effects these had on his disabilities, all of the above were objected to and ruled as hearsay or inadmissible in the Loudoun County Courts, thus again being discriminated against, because Plaintiff was bound by the courts ruling, thus the Judges ruled as if I was a non disabled person.

37. Plaintiff has exhausted all legal remedies available to him in the Loudoun County Courts.

In closing, I would just like to state that both my physical and mental disabilities are deteriorating and my quality of life is practically zero without Max, Plaintiff has to rely on others, if they are available to help him, where Max's training and the tasks he performs, Plaintiff is able to live and function independently.

WHEREFORE, Plaintiff prays the court for judgment against Defendants by providing the following relief:

1. Order the Defendants to immediately implement the significant changes to the amended ADA 2010 Service Animals Requirements, set forth in the Federal Register dated September 15, 2010 to be incorporated into their Animal Control Laws, thus stopping them from discriminating against the Plaintiff or other disabled persons with service animals.

2. Order an audit of the Defendants citations, and have them correct any wrongful citations that pertain to Plaintiff or other disabled persons and their service animals and provide restitution for the invalid citations and restore their reputation so that they are not considered criminals in the eyes of The Commonwealth of Virginia.

3. Compensatory and punitive damages in the amount of $500,000.00, together with the cost of this suit, interest from the day this suit was instituted, reasonable attorney's fees (if applicable) and such other relief as the Court deem just and proper.

Respectfully Submitted,

William Selepack, *pro se*
22951 Oak Grove Rd
Sterling, VA 20166
202.277.6879

# AFFIDAVIT

I, **William Selepack**, being first duly sworn on oath and do hereby certify, swear or affirm, and declare that I am competent to give the following declaration based on my personal knowledge, unless otherwise stated, and that the following facts and things are true and correct to the best of my knowledge under the penalty of perjury.

Signature of Affiant: _____

**NOTARY CERTIFICATION**

SWORN to and subscribed before me, this the 30th day of January, 2014.

_____
NOTARY PUBLIC

TAHIRA NASEER
Notary Public
Commonwealth of Virginia
7368963
My Commission Expires Oct 31, 2014